IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JHERSON ROHAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 08-0064-WS-M |
| | ) | |
| **MICHAEL B. MUKASEY, etc., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the defendants' motion to dismiss. (Doc. 6). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 6, 8, 9), and the motions are ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to dismiss is due to be granted in part.

## BACKGROUND

According to the complaint, the plaintiff is a native of Bolivia who has been legally in this country since 1999. He filed a Form I-485 application to adjust permanent resident status and a Form I-765 application for employment authorization in October 2005, and his initial interview occurred in January 2007. As of the filing of the complaint, on February 1, 2008, the defendants had not adjudicated his applications. The complaint alleges that the failure to rule on the applications violates the Administrative Procedures Act. The complaint seeks a writ of mandamus requiring the defendants to adjudicate his applications. The complaint also requests an award of costs and attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 1).

The plaintiff sent requests for waiver of service to the four named defendants on February 1, 2008. (Docs. 2-5). They have not responded. Instead, they filed the instant

motion to dismiss. The motion reflects that the plaintiff's application to adjust permanent resident status was approved on April 3, 2008 and that his application for employment authorization was approved in December 2005. (Doc. 6, Exhibits 2, 3). The plaintiff does not dispute these facts. (Doc. 8).

## DISCUSSION

The defendants move to dismiss on three grounds: (1) lack of personal jurisdiction; (2) insufficient service of process; and (3) mootness. "By its very nature, a moot suit cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." *National Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (internal quotes omitted). Because questions of subject matter jurisdiction are to be answered before all others, the Court considers the mootness argument first.

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1183 (11th Cir. 2007) (internal quotes omitted). The only substantive relief sought by the plaintiff is a writ of mandamus directing the defendants to rule on his two applications. One of those applications was approved over two years before suit was brought, and the other was approved in April 2008. Because the plaintiff has received all the substantive relief he seeks, there remains no meaningful relief the Court can give him.

The plaintiff asserts that, once he filed suit, exclusive jurisdiction over his application rested with the Court, depriving the defendants of the power to adjudicate it. (Doc. 8 at 7). The only authorities he cites, however, deal only with the courts' jurisdiction to review administrative orders, and the only statute he cites deals with a scheme peculiar to naturalization. Absent cogent argument and relevant authority, neither of which the plaintiff supplies, the Court cannot uphold his argument.

Shifting to more familiar terrain, the plaintiff notes that a defendant asserting

mootness on the grounds of its "voluntary cessation of a challenged practice bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc*., 528 U.S. 167, 190 (2000). The defendants' adjudication of the plaintiff's application, however, is not a "practice" but a one-time decision. Recognizing this, the plaintiff suggests that a "practice" may be found in the defendants' supposed pattern of delaying ruling on applications until suit is filed. (Doc. 8 at 9). His own authority, however, makes clear that one can rely on the treatment of others to avoid mootness only if "the object of the suit" is to challenge "some ongoing underlying policy" rather than "an isolated agency action." *Columbian Rope Co. v. West*, 142 F.3d 1313, 1317 n.3 (D.C. Cir. 1998) (internal quotes omitted). Here, the complaint challenges only the plaintiff's own treatment, not that afforded others, and it seeks relief only in his own case, not that of others.

Finally, the plaintiff argues that his request for attorney's fees under EAJA is not moot. (Doc. 8 at 8). The defendants suggest that the plaintiff cannot pursue fees unless he files a "separate petition" requesting them, (Doc. 9 at 3), but they neither support this proposition nor explain how it bolsters their mootness argument. Because the EAJA claim is not moot, the Court turns to the defendants' other arguments.

As noted, the plaintiff submitted requests for waiver of service. However, "[w]aiver of service may not be requested of the United States ...." 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1092.1 at 493 (3rd ed. 2002).[1] The plaintiff's attempt to obtain such a waiver is thus misguided.[2] Moreover,

---

[1] This follows from the text of Rule 4(d)(1), which provides for waiver of service only from "[a]n individual, corporation or association" subject to service under Rule 4(e), (f) or (h), while service on the United States, its corporations, agencies and employees is governed by Rule 4(i).

[2] The defendants are four government officials, all sued in their official capacities. (Doc. 1, ¶¶ 7-10).

counsel for the plaintiff has known this since at least May 27, when the Court ruled in a similar case that his effort to obtain waiver of service could not succeed. *Zaitoun v. Mukasey*, Civ. No. 08-0110-WS-M, Doc. 13 at 4-5. Nevertheless, the plaintiff has made no further attempt to perfect service.

Because the plaintiff has not served process over five months after filing the complaint, he is **ordered** to show cause, on or before July 14, 2008, why this action (that is, the sole remaining claim for fees and costs under EAJA) should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Given the implausibility of such an award,[3] the plaintiff may obviate compliance with this order by formally withdrawing his demand for fees. The defendants may move to dismiss the demand for fees at any time.

For the reasons set forth above, the defendants' motion to dismiss is **granted** with respect to all claims for relief other than costs and fees under EAJA. The defendants' motion to dismiss on the grounds of lack of personal jurisdiction and insufficient service of process is carried with the case, pending the plaintiff's response to this order.

DONE and ORDERED this 7th day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]*See Morillo-Cedron v. District Director, U.S. Citizenship and Immigration Services*, 452 F.3d 1254 (11th Cir. 2006) (the rule of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), applies to EAJA requests).